## SAMUEL K. ASHTON v. DANIEL M. DULL.

To render the endorser of a note liable, demand must be made of the maker, if at a bank or place of business, within usual business hours; if at his residence, at a reasonable time, and not at an hour when it may be presumed the family will be in bed, unless the maker or his agents are in the office when demand is made, though out of business hours.

Error to District Court of Philadelphia.

Opinion delivered February 16, 1874, by

GORDON, J. In order to render the endorser of a promissory note liable upon the default of the maker, it is necessary that demand be made of the maker, and this demand must be made at the proper time and proper place, otherwise the endorser is discharged. Where a note is payable at a bank, demand must be made within the usual business hours; when payable at an ordinary business house, it must be presented within the business hours which are usual and customary to such houses. Where it is payable at a private house, it should be demanded at a reasonable time, and not so late in the day or so early in the morning that it may be presumed the family will be in bed. * * * The reason of these rules is obvious. We expect to find business men in their banks and offices only during business hours, and to make the demand at such places out of such hours would be a useless formality. So to make the presentation at a man's house at midnight, is to make it when, from the nature of things, the maker is unprepared to pay, though he may have both the will and the means so to do. We apprehend, however, that this rule does not obtain when the maker, or those persons who usually transact his business, are in his office when demand is made, though out of business hours, as in the case cited in the foot-note: Byles on Bills, 206, when a note was made payable at a bank, demand made out of business hours held good, the officers of the bank being there, and the cashier answering that there were no funds to meet the note. It will be seen by the rehearsal of these legal rules that the affidavit of the defendant in this case was sufficient to give him a trial by jury. He swears that demand was not made of the maker of the note personally, nor at his usual place of business during his office hours, and that those hours were the same as those of similar offices in this city. This raises the question whether, if demand were made at all, it was made at a reasonable time, regard being had to the place. If made at his office at an hour when, from the general custom, it could not be expected that he or his clerks would be there, then clearly it could not avail to fix the endorser.

Judgment reversed and procedendo awarded.